UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00056-GNS-HBB

NATHAN HANDLEY, et al.                                                                          PLAINTIFFS

v.

CASEY COURSEY, et al.                                                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion for Partial Dismissal of Plaintiffs' Complaint. (Defs.' Mot. for Partial Dismissal of Pls.' Compl., DN 4). This motion is ripe for a decision, and for the reasons stated below, the Court **GRANTS** Defendants' Motion.

### I. BACKGROUND

Defendants Casey Coursey ("Coursey") and Connie Jessup ("Jessup") are child protective workers employed by Defendant Cabinet for Health and Family Services ("CHFS"). (Compl. 3, DN 1-2; Defs.' Mem. in Supp. of Defs.' Mot. for Partial Dismissal of Pls.' Compl. 1, DN 4-1 [hereinafter Defs.' Mem. in Supp.]). On or about April 14, 2014, Defendants sought the assistance of the Assistant Barren County Attorney to remove K. P. H. and J. T. H. from Nathan Handley's custody, and removed M. L. S. and W. G. S. from Crystal Handley's custody. (Compl. 4). The Assistant Barren County Attorney declined to file a petition for emergency removal, and Defendants nonetheless effected removal of the children by "coercing and forcing" Nathan and Crystal Handley to relinquish custody of the children with the assistance of the Barren County Sheriff's Department and other law enforcement agencies. (Compl. 4-5).

On April 13, 2015, Plaintiffs filed suit in Barren Circuit Court alleging that CHFS, Coursey (in her individual and official capacities), and Connie Jessup (in her individual and

1

official capacities) had violated the right of the Plaintiffs to be free from excessive and unreasonable force, the right of due process, the right of freedom from arbitrary action, the right of freedom from summary punishment, and the right of freedom from interference with the custody, placement, and companionship of their children and family without the due process, all in violation of 42 U.S.C. § 1983. (Compl. 5, 7). Plaintiffs seek monetary damages, declaratory relief, and injunctive relief. (Compl. 7-8).

On April 24, 2015, Defendants removed this action from Barren Circuit Court to this Court and filed a Joint Motion for Partial Dismissal of Plaintiffs' Complaint, seeking to dismiss the claims against CHFS and against Coursey and Jessup in their official capacities. (Defs.' Mot. for Partial Dismissal of Pls.' Compl., DN 4). Plaintiffs have responded (Pls.' Resp. to Defs.' Mot. for Partial Dismissal of Pls.' Compl., DN 6 [hereinafter Pls.' Resp.]), and Defendants have filed their reply (Defs.' Reply Mem., DN 7). This motion is thus ripe for adjudication.

## II. JURISDICTION

Plaintiffs' claims arise pursuant to 42 U.S.C. § 1983, a federal law. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

Motions pursuant to Fed. R. Civ. P. 12(b)(6) require the Court "to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meadors v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)).

## IV. DISCUSSION

In their motion, Defendants argue that Plaintiffs cannot recover from CHFS or Coursey or Jessup in their official capacities due to 1) Eleventh Amendment immunity; 2) sovereign immunity; and 3) the *Will* doctrine. (Defs.' Mem. in Supp. 2). In their reply, Defendants assert that the additional defense of the justiciability bar to the *Ex Parte Young* doctrine. (Defs.' Reply Mem. 5-7).

### A. Eleventh Amendment Immunity and Sovereign Immunity

"The Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)). This Court has previously stated:

> States possess sovereign immunity from suit in a federal court without their consent. The Eleventh Amendment to the United States Constitution provides that the states are immune from suit by private parties under federal law, *Hans v. Louisiana,* 134 U.S. 1 (1890), and 42 U.S.C. § 1983 does not abridge the Eleventh Amendment immunity of the states from suit. *Quern v. Jordan,* 440 U.S. 332 (1979). Indeed, immunity ultimately "derives not from the Eleventh Amendment but from the structure of the original Constitution itself." *Alden v. Maine,* 527 U.S. 706, 728 (1999).
>   Furthermore, state agencies and their officials functioning in an official capacity are not considered "persons" under § 1983, since a suit for damages against them in that capacity would be the same as a suit against the state itself.

*Lee v. George*, No. 3:10-CV-637-H, 2010 WL 4877831, at *1 (W.D. Ky. Nov. 24, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

"Sovereign immunity is a quasi-jurisdictional doctrine, under which '[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court.'" *Barachkov v. Davis*, 580 F. App'x 288, 299 (6th Cir. 2014) (alteration in original) (quoting *Lapides v. Bd. of Regents of the Univ. of Ga.*, 535 U.S. 613, 618 (2002)). Kentucky has not waived its immunity to

§ 1983 claims. *See Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Therefore, Defendants are still shielded from suit via Eleventh Amendment immunity. Similarly, the Sixth Circuit has held that the Kentucky Cabinet for Health and Family Services has both Eleventh Amendment immunity and sovereign immunity against suits brought under 42 U.S.C. § 1983. *Sefa*, 510 F. App'x at 437.

Plaintiffs unpersuasively argue that *Lapides v. Board of Regents of the University System of Georgia* bars Defendants' reliance upon the defenses of the Eleventh Amendment and sovereign immunity. The Supreme Court held in *Lapides* that "the State's act of removing a lawsuit from state court to federal court waives [Eleventh Amendment] immunity." *Lapides*, 535 U.S. at 616. This holding is limited, however, "to the context of state-law claims, in respect to which the State has *explicitly waived immunity from state-court proceedings*." *Id.* at 617 (emphasis added). As noted, Kentucky has not waived its immunity to § 1983 claims. *See also* KRS § 44.072. Thus, *Lapides* is not applicable to this case.

Accordingly, claims against CHFS and any official capacity claims against its employees (Coursey and Jessup in this case) are barred by Eleventh Amendment immunity and sovereign immunity. These claims will be dismissed.

B. *Will* **Doctrine**

Defendants also rely upon the *Will* Doctrine, articulated in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), in arguing that "states, state agencies, and state officials sued in their official capacities for monetary damages are not considered 'persons' within the meaning of 42 U.S.C. § 1983." (Defs.' Mem. in Supp. 3). Because Plaintiffs' response concedes that they are barred from receiving monetary damages against CHFS and Coursey and Jessup in

4

their official capacities, the *Will* Doctrine would provide an additional basis for dismissal of the claims at issue in this motion.

      C.    *Ex Parte Young*

Plaintiffs argue in their response that, conceding that they may not recover monetary damages as discussed above, they are entitled to declaratory and injunctive relief. (Pls.' Resp. 3-5). Defendants assume that Plaintiffs rely upon *Ex parte Young* for their argument. (Defs.' Reply 5-7). In *Ex parte Young*, the Supreme Court held that there is an exception to Eleventh Amendment immunity: actions for injunctive relief against individual state officials in their official capacities. *Ex parte Young*, 209 U.S. 123, 155-56 (1908).

"In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law." *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (citing *MacDonald v. Vill. Of Northport*, 164 F.3d 964, 970-72 (6th Cir. 1999)). Plaintiffs seek injunctive relief as to the "extrajudicial and unlawful removal of children from the lawful custody and placement with their parents." (Compl. 8). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (second alteration in original) (internal quotation marks omitted).

Assuming *arguendo* that the actions of Coursey and Jessup were illegal, Plaintiffs have not sufficiently pleaded any continuing, present adverse effects that would show a present case or controversy for injunctive relief. Plaintiffs *may* suffer similar injury at the hands of Coursey and Jessup *if* they come under suspicion for dependency, neglect, or abuse; *if* Coursey and Jessup conclude that removal of the children is warranted; and *if* the Assistant Barren County Attorney again declines to file a petition for emergency removal. This eventuality is too tenuous and

speculative to warrant injunctive relief. Additionally, Plaintiffs have given no indication that the alleged violation of law that they experienced is continuing. Thus, Plaintiffs claim for injunctive relief is barred by the Eleventh Amendment, as are all of their other claims as to CHFS and Coursey and Jessup in their official capacities.

## V. CONCLUSION

For the forgoing reasons, the Court lacks subject matter jurisdiction over CHFS and Coursey and Jessup in their official capacities. Accordingly, Defendants' Joint Motion for Partial Dismissal of the Plaintiffs' Complaint is **GRANTED**, and all claims against CHFS and those against Coursey and Jessup in their official capacities are **DISMISSED**. The claims against Coursey and Jessup in their individual capacities remain.

Greg N. Stivers, Judge
United States District Court
June 5, 2015

cc: counsel of record

6